BOWEN, Judge,
dissenting.
The majority states the correct test for determining whether the appellant’s prosecution for attempted kidnapping after a prior conviction for assault violated her right not to be placed in double jeopardy. See Grady v. Corbin, 495 U.S. at 521, 110 S.Ct. at 2093. However, the majority fails to apply that test correctly to the facts of this case.
In the second prosecution, the appellant’s attempted abduction of the victim with intent to injure the victim was an “essential element of the offense charged.” The State proved that element by showing the following conduct on the part of the appellant: pushing the victim into the trunk of a car, trying to close the trunk lid, stating to the victim that she (the appellant) would “take off and kill [the victim],” and finally hitting the victim and telling her to stay in the trunk. This is conduct constituting an offense for which the defendant has already been prosecuted and convicted: namely, assault in the third degree.
The majority holds that the second prosecution passed the Grady v. Corbin test because the essential element of attempted kidnapping was intent to injure the victim, not actual injury to the victim. Thus, the majority reasons, the State did not have to prove that the appellant hit the victim in order to show the appellant’s “intent to injure”; it could, in order to have established the appellant’s intent, have relied solely on the appellant’s threat. The fact remains, however, that the State did prove the actual injury and that proof was useful and material in establishing an essential element — intent—of the offense charged in the second prosecution. The State proved the appellant’s conduct — part of which was causing actual injury to the victim — so that the jury would be able to infer her intent.
It is this very conduct, causing an actual injury which constituted an assault in the third degree, for which the appellant has already been convicted. Her conviction for attempted kidnapping should be vacated.